1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEXANDRA M. CHAPA,                    No.  2:23-cv-01565-KJM-CKD PS

12              Plaintiff,                  FINDINGS AND RECOMMENDATIONS TO
                                            DISMISS WITHOUT PREJUDICE
13        v.

14   NATOMAS PARK MASTER
     ASSOCIATION BOARD OF
15   DIRECTORS, ET AL,

16              Defendants.

17

18        On July 27, 2023, plaintiff Alexandra M. Chapa, proceeding pro se, filed a complaint

19   against defendants Natomas Park Master Association Board of Directors; Levy, Erlander &

20   Company LLP; Lyon Real Estate–Natomas; and Victoria Janns.  (ECF No. 1.)  For the reasons

21   below, the undersigned recommends that this case be dismissed, without prejudice, because of

22   plaintiff's failure to prosecute and failure to comply with court orders.

23        I.      Background

24        Plaintiff filed this action without having submitted a motion to proceed in forma pauperis

25   or payment of the $402 filing fee. (ECF No. 1.)  On August 3, 2023, the court directed plaintiff to

26   file a motion for in forma pauperis or pay the $402 filing fee within fourteen days.  (ECF No. 4.)

27   The clerk of court was directed to send plaintiff a blank motion to proceed in forma pauperis.

28   (Id.) Plaintiff was warned that failure to pay the filing fee or file a motion to proceed in forma

                                              1

1  pauperis would result in a recommendation to the district judge that this case be dismissed.  (Id.)

2  On August 8, 2023, plaintiff tendered a check for payment of the filing fee.  However, on

3  August 14, 2023, the court was notified by its bank that plaintiff's check was returned and debited

4  from the court's account.  (ECF No. 6.)   The court ordered plaintiff to pay the $402 filing fee,

5  plus the $53 returned check fee by August 31, 2023 by cashier's check or money order. (Id.)  That

6  date has now passed, and plaintiff has not paid the filing fee, returned check fee, or filed a motion

7  to proceed in forma pauperis.

8  II.    Dismissal Without Prejudice

9  Courts weigh the following factors when determining whether to dismiss an action for

10  failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious

11  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

12  defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

13  favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

14  2002).

15  Having considered the above factors, the undersigned recommends dismissal.  First, the

16  public's interest in expeditious resolution of cases "always favors dismissal." Id. (quoting

17  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Further, the delays in this

18  case and interference with docket management are due to plaintiff's repeated failures to comply

19  with court orders.  This action cannot simply remain idle on the court's docket, unprosecuted,

20  awaiting plaintiff's compliance.  See id. ("It is incumbent upon the court to manage its docket

21  without being subject to routine noncompliance of litigants.") Thus, the second factor, court's

22  need to manage its docket, favors dismissal in this case.

23  Turning to the third factor, risk of prejudice, "pendency of a lawsuit is not sufficiently

24  prejudicial in and of itself to warrant dismissal." Id. at 642.  However, "delay inherently increases

25  the risk that witnesses' memories will fade and evidence will become stale." Id. at 643. Here, the

26  cause of the delay is plaintiff's failure to follow this court's orders. Therefore, this third factor

27  weighs in favor of dismissal.

28  As for the fourth factor, less drastic alternatives, there are not many lesser sanctions

1  available to the court at this juncture than dismissal without prejudice.  Given plaintiff's failure to

2  pay the filing fee and returned check fee, it appears that monetary sanctions are of little use.  At

3  this early stage of these proceedings, the preclusion of evidence or witnesses is not available.

4  Further, the recommended sanction, dismissal without prejudice, is less drastic than the harsher

5  sanction of dismissal with prejudice. This factor therefore favors dismissal.

6          Finally, because public policy favors disposition on the merits, this factor weighs against

7  dismissal. Id.  Having considered and weighed the requisite favors, the undersigned finds that

8  dismissal is appropriate. Accordingly, the undersigned recommends that this case be dismissed

9  without prejudice.

10                          **FINDINGS AND RECOMMENDATIONS**

11          Accordingly, it is HEREBY RECOMMENDED that:

12      1.  This action be DISMISSED without prejudice.

13      2.  The clerk of court be directed to CLOSE this case.

14          These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served on all parties and filed with the court within fourteen (14) days after service of the

20  objections.  The parties are advised that failure to file objections within the specified time may

21  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.

22  1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23  Dated:  October 25, 2023

24                                          _____

                                            CAROLYN K. DELANEY

25                                          UNITED STATES MAGISTRATE JUDGE

26

27  21,chap.1565

28

                                            3